# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| ALVIN MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:14CV72 HEA |
| ) | |
| UNKNOWN HEINRICH, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the request of plaintiff Alvin Moore (registration no. 1033817), an inmate at Moberly Correctional Center, for leave to commence this action without payment of the required filing fee.[1]  For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $24.92.  *See* 28 U.S.C. § 1915(b)(1).  Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

---

[1] Plaintiff has not filed a separate motion for leave to proceed in forma pauperis, but he has requested leave to proceed in forma pauperis in his complaint and submitted the required certified inmate account statement.

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $124.58, and an average monthly balance of $49.00. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $24.92, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. ' 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it Alacks an arguable basis in either law or fact.@ *Neitzke v. Williams,* 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes,* 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff=d* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead Aenough facts to state a claim to relief that is plausible on its face.@ *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff, an inmate at Moberly Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights which allegedly occurred during his incarceration at Northeastern Correction Center ("NECC"). Named as defendants are:

Unknown Heinrich (Correctional Officer) and Unknown Niffen (Correctional Officer). Plaintiff alleges that defendants used excessive force when he refused to "uncuff" during his confinement in the administrative segregation unit at NECC in December of 2013.

Specifically, plaintiff asserts that he had asked for a change of cell-mate, and when he was not immediately given a change in cell-mate, he told a correctional officer at NECC that he was going to sit on a bench until they found him another cell. He states that this was interpreted to mean that he was refusing to "uncuff" and as a result, defendants Heinrich and Niffen appeared in plaintiff's cell and engaged in a struggle with him in order to uncuff him. Plaintiff complains that as a result of the "shoving" and being harshly "slammed" on a bench, he injured his back. He claims that the injury exacerbated a prior injury to his back, requiring him to need steroid injections for treatment.

Plaintiff seeks $500,000.000 in damages from defendants.

**Discussion**

The complaint is silent as to whether defendants, correctional officers, are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College,* 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, the complaint fails to state a claim upon which relief can be granted with respect to these State of Missouri employees.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's request to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $24.92 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 9th day of October, 2014.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE